IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN TOUCH DC, INC. d/b/a<br>CAPITOL VIEW HOME HEALTH<br>820 Jefferson Pl NW<br>Washington, DC 20036<br><div align="right">**Plaintiff,**</div><br>v.<br><br>**BANITA MERRIWEATHER**<br>**1428 Saratoga Ave., NE Apt. 2**<br>**Washington, DC 20008**<br><div align="right">**Defendant.**</div> | Civil Action No. _____ |

## VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

COMES NOW Plaintiff Human Touch DC, Inc. d/b/a Capitol View Home Health ("Capitol View") in support of its complaint for temporary, preliminary, and permanent injunctive relief, and damages, and states as follows:

## JURISDICTION AND VENUE

1.     Plaintiff Capitol View is a District of Columbia corporation located at 1820 Jefferson Place, N.W., Washington, DC 20036.

2.     Defendant Banita Merriweather is an individual with a home address of 428 Saratoga Avenue, N.E., Apt. 2, Washington, D.C. 20008.

3.     This Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331; the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701(a) and 2702; and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030(a)(2)(C) and 1030(g).  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law claims.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because this is the District in which the Defendant is a resident and because a substantial part of the events giving rise to the claims occurred in this District.

## FACTS

5.     Capitol View is a District of Columbia licensed home health agency providing home health care services to more than two-hundred and twenty-four (224) Medicare, Medicaid, private insurance, and private pay residents of the District of Columbia.

6.     Capitol View collects, creates, maintains, and transmits information in electronic media that relates to the past, present, or future physical or mental health condition of its patients and the provision of health services and treatment to its patients that identifies individual patients by name, address, and telephone number.  This information is protected health information ("PHI") as defined by the Health Insurance Portability and Accountability Act ("HIPAA") 45 C.F.R. § 160.103.

7.     Capitol View is required by HIPAA to safeguard the PHI in its possession.  45 C.F.R. § 164 *et seq.*

8.     Capitol View has policies and procedures in place to protect and safeguard the PHI, including a secured password protected email system for use by authorized employees, and a separate secured password protected database system called Home Solutions for the management of patient records and information.

9.     All Capitol View employees are clearly informed that patient information is confidential and protected under HIPAA, and that such information is not to be disclosed, including following termination of employment, and further that during employment they are

required to strictly adhere to the policies and procedures that are in place to protect PHI, as well as other confidential and proprietary information of Capitol View.

10.     At the inception of employment, all employees, including Defendant, are provided with an employee manual setting forth company policies, including:

### Confidential Information

Employees of CVHH will have access to confidential information of CVHH and our clients. Confidential information includes, but is not limited to, information concerning client health conditions, client financial information, company financial information, and similar subjects.

*Disclosure of proprietary and confidential information.* Disclosure of confidential and proprietary information might seriously damage CVHH's competitive position and therefore such action will not be tolerated. This non-disclosure applies during and after an employee's employment. Any copying, reproducing, or distributing of confidential information in any manner must be authorized by management. Confidential information remains the property of the employer and must be returned to CVHH on demand.  All employees of CVHH are required to comply with HIPAA.

11.     Capitol View employs licensed home health care aides, registered nurses, and physical therapists who deliver the home health care services to Capitol View's patients.

12.     Capitol View also employs office personnel who coordinate the assignment of home health care aides for scheduled delivery of services, and perform other administrative functions.

13.     Defendant Banita Merriweather was employed by Capitol View for a period of approximately six weeks from March 24, 2015, to May 12, 2015, as a Staffing Coordinator.  Her duty was to coordinate the scheduling of Capitol View home health aides to go to patient homes and provide requested care.

14.     For purposes of performing her duties, Capitol View provided Defendant with a password access to the secured Capitol View email system through which Defendant communicated with patients and received and transmitted patient health information with

3

patients, Capitol View home health aides, and Capitol View patient referral sources. Defendant was also given password access to the secured Home Solutions system containing patient information.

15. On May 12, 2015, Capitol View terminated Defendant's employment for cause including, among other reasons, her unauthorized visit to a patient's home and delivery of home health services to that patient for which she was not licensed to provide. In addition, she was terminated because the Administrator of Capitol View became aware on May 12, 2015, that in 2006, Defendant had been employed by a related entity of Capitol View, Human Touch Home Health Agency, as a home health aide and had been terminated for cause in 2006 when it was learned that the home health aide licensure credentials she had provided to Human Touch were fraudulent and had been bought.

16. After investigating the circumstances regarding Defendant's unauthorized visit to a patient's home over the weekend and providing patient care, which she was not licensed to provide, and then subsequently learning of Defendant's previous use of fraudulent credentials, Capitol View's management team became alarmed and made the decision to terminate her immediately.

17. At 4:30 p.m. on May 12, 2015, Capitol View's Management team met with defendant in the Capitol View office and informed Defendant that her employment was terminated immediately and that she was no longer authorized to use the Capitol View email system and the Home Solutions system. Defendant's access to Capitol View's secure email system and the Home Solutions system had been blocked shortly before termination. Defendant was immediately escorted from the Capitol View premises.

4

18.     That evening, Capitol View's Administrator learned that between 6:14 and 6:20 p.m. on May 12, 2015, following termination of employment, Defendant gained unauthorized access to the Capitol View email system, and forwarded several emails and documents from the Capitol View email system to her personal email account, many of which contained PHI.

19.     For example, one document forwarded to Defendant's personal email address was a spreadsheet listing all of Capitol View's patients, and information regarding the patients' treatment, including the HIV status of certain patients, and identifying information, such as home address and telephone number.

20.     The documents, emails, and information contained therein not only constitute PHI, but contain confidential and proprietary information belonging to Capitol View.

21.     On May 13, 2015, counsel for Capitol View sent Defendant by hand delivery to her home address and email to her personal email address a written Notice and Demand with Certification. The Notice and Demand with Certification consist of a letter notifying Defendant (a) that the emails she took contain PHI and confidential and proprietary Capitol View information, (b) that her taking of the emails following her termination was unauthorized, and (c) demanding that she return any information she took without authorization, destroy any electronic copies of such information, certify that she has not transmitted to third persons or used the information, or that she provide the names of any third persons to whom she transmitted the information, and provide the names of any of the patients she contacted post-termination.

22.     At approximately 4:55 p.m. on May 13, 2015, Defendant called Capitol View's counsel and stated that she would comply with the Notice and Demand with Certification, including signing and sending the Certification to Capitol View's counsel by the morning of May 14, 2015.

23.     Defendant did not send a signed Certification by the agreed upon time on the morning of May 14, 2015, and as of the date of the Complaint, has failed to return the Certification.

24.     At approximately 11:00 a.m. on May 14, 2015, counsel for Capitol View sent Defendant an email reminding her of her commitment.  Defendant did not respond.

25.     Upon information and belief, Defendant intends to use the PHI and other confidential, proprietary information in an inappropriate, unlawful manner that violates Capitol View's patients' rights, as well as seriously jeopardizes Capitol View's ability to protect the PHI.

26.     Defendant's misappropriation and continued possession of Capitol View's PHI, confidential, and proprietary information has caused and continues to cause damage to Capitol View and its patients.

<div align="center">

**COUNT I**
**(Violation of the Computer Fraud and Abuse Act**
**18 U.S.C. § 1030(a)(2)(C))**

</div>

27.     Plaintiff reaffirms and incorporates herein Paragraphs 1 through 26 of the Complaint.

28.     Between 6:14 p.m. and 6:20 p.m. on May 12, 2015, Defendant intentionally accessed Plaintiff's protected computers through Plaintiff's email system without authorization following termination of her employment and obtained confidential PHI of Plaintiff's patients in violation of 18 U.S.C. 1030(a)(2)(C).

29.     Defendant's access was not authorized because her limited authority to access Plaintiff's email system and to obtain PHI during employment to perform her job, ended upon termination of Defendant's employment at 4:30 p.m. on May 12, 2015.

30.     Defendant knew that her access was not authorized because she was told by Plaintiff at the time of termination of her employment that she was being locked out of the Plaintiff's electronic databases, including email, and no longer was permitted to access Plaintiff's information.  Furthermore, Defendant knew her access was not authorized because it was a written policy contained in the employee manual that any right to access, obtain or use Plaintiff's information, including PHI, ended upon termination of employment. Further, Plaintiff was never authorized to transfer PHI to her personal email address.

31.     Defendant's actions have resulted in a loss to Plaintiff within one year aggregating more than $5,000 in value because of the cost to Plaintiff to notify its patients of the taking of their PHI, and the cost to remedy such taking, and the damage to Plaintiff's reputation from the compromise of the confidentiality of patient's PHI.

32.     Defendant's actions to illegally obtain, possess and use PHI are a threat to public health and safety.

33.     Defendant's unlawful possession of Plaintiff's patients' PHI threatens immediate and irreparable harm.

WHEREFORE, Plaintiff seeks injunctive and equitable relief and damages.

<div align="center">

**COUNT II**
**(Violation of the Stored Communications Act**
**18 U.S.C. § 2701(a))**

</div>

34.     Plaintiff reaffirms and incorporates herein Paragraphs 1 through 33 of the Complaint.

35.     Plaintiff provides an electronic communication service where it stores communications for the benefit of its employees' performance of their duties.

36.    Defendant intentionally accessed without authorization or in excess of any authorization she may have had, the Plaintiff's electronic mail facility through which Plaintiff's electronic communication is provided in violation of 18 U.S.C. § 2701(a).

36.    Defendant, while employed by Plaintiff had limited authorization to access Plaintiff's electronic mail facility for the receipt and transmission of electronic communications in furtherance of her duties to schedule home health aide services for Plaintiff's patients. This limited authorization did not include authorization to transfer emails and documents to her personal email address.

37.    Upon termination of her employment at 4:30 p.m. on May 12, 2015, Defendant's limited authorization to access Plaintiff's electronic mail facility ended.

38.    Defendant's intentional access of Plaintiff's electronic mail facility following termination of her employment was without authorization, and to the extent that Defendant had authorization, her access of the electronic mail system to transmit Plaintiff's patients' PHI for Defendant's personal use exceeded such authorization.

39.    Plaintiff is aggrieved by Defendant's violation of 18 U.S.C. § 2701(a).

40.    Defendant's unlawful possession of Plaintiff's patients' PHI threatens immediate and irreparable harm.

WHEREFORE, Plaintiff seeks injunctive relief and damages of not less than $1,000, punitive damages and the costs of the action with reasonable attorney fees as provided for in 18 U.S.C. sec. 2707(c).

**COUNT III**
**(Misappropriation of Trade Secret**
**District of Columbia Code § 36-401-410)**

41.     Plaintiff reaffirms and incorporates herein Paragraphs 1 through 40 of the

Complaint.

42.     Plaintiff's patient spreadsheet is a trade secret in that it contains information

compiled in a pattern utilizing a technique, method and process developed by Plaintiff for

tracking patient information and home health aide assignments and, additionally, identifies all of

Plaintiff's patients and many of Plaintiff's employee home health aides, which information is not

public.  Knowledge of Plaintiff's patients' identities, home health aides, and Plaintiff's patient

census is of strategic and economic value to Plaintiff's competitors in the marketplace.

Additionally, the content of the emails includes information about Plaintiff's staffing issues,

which is confidential and of strategic and economic value to Plaintiff's competitors.

43.     Plaintiff took reasonable steps to maintain the secrecy of this information.

44.     The disclosure of this information to third parties will injure Plaintiff's reputation

and put it at a competitive disadvantage.

WHEREFORE, Plaintiff seeks injunctive and equitable relief and damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.     That Defendant be temporarily, preliminarily, and permanently enjoined from

accessing, using, disclosing, or transmitting any information in any form obtained through

Plaintiff's electronic systems after 4:30 p.m. on May 12, 2015;

2.    That Defendant be compelled to permanently and irretrievably delete or destroy all information in any form obtained through Plaintiff's electronic systems after 4:30 p.m. on May 12, 2015;

3.    That Defendant be compelled to identify and make immediately available to Plaintiff all of her electronic devices for professional forensic review at Defendant's expense to assure that all of Plaintiff's information is removed from those devices;

4.    That Defendant be compelled to identify, including contact information, any persons or entities to whom she has disclosed or transmitted any of Plaintiff's information obtained after 4:30 p.m. on May 12, 2015, and as to each such person or entity, the specific information disclosed or transmitted;

5.    That Defendant be compelled to disclose in detail in writing any use she has made of Plaintiff's information obtained after 4:30 p.m. on May 12, 2015;

6.    That Defendant be compelled to pay the costs Plaintiff incurs to notify its patients of the Defendant's unlawful taking of their PHI;

7.    That Defendant be assessed damages of not less than $1,000, punitive damages and the costs of the action with reasonable attorney fees as provided for in 18 U.S.C. sec. 2707(c).

8.    Such further relief as the Court deems just and equitable.

]

## Verification

I, Ruth Amenu, Administrator for Capitol View Home Health, do verify and affirm under

penalty of perjury that the foregoing facts and allegations contained in this Complaint are true,

except so far as they are therein stated to be on information, and that, so far as they are therein

stated to be on information, I believe them to be true.

Ruth Amenu
Administrator
Human Touch DC, INC
Dba: Capitol View Home Health
Capital View Home Health Care Agency
Executed on:  May ⬚ , 2015

Respectfully submitted.

**BENTON POTTER & MURDOCK, P.C.**

By:

John M. Murdock (D.C. Bar No. 4158765)
Kathy C. Potter (D.C. Bar No. 448446)
Rosanne E. Stafiej (D.C. Bar. No. 415765)
400 S. Maple Avenue
Suite 210
Falls Church, Virginia  22046
(703) 992-6950
(703) 832-0211 (facsimile)
jm@bpmlawyers.com
kcp@bpmlawyers.com
rstafiej@bpmlawyers.com